USDC SDNY 
UNITED STATES DISTRICT COURT eee 
SOUTHERN DISTRICT OF NEW YORK ONICALLY FILED 

M.G., et al., DATE FILED: _ 4/17/2024 
 Plaintiffs, 
 - against - 
 : 13-cv-4639 (SHS) (RWL) 
NEW YORK CITY DEPARTMENT OF 
EDUCATION; NEW YORK CITY BOARD OF _ : ORDER ON MOTION TO COMPEL 
EDUCATION, et al., (DKT. 429) 
 Defendants. 

ROBERT W. LEHRBURGER, United States Magistrate Judge. 
 This order resolves Plaintiffs’ motion at Dkt. 420, which has been fully briefed, to 
compel the State Defendants to produce additional documents. The motion is granted in 
part and denied in part. 
A. General Issues 
 Before discussing Plaintiffs’ specific issues, the Court addresses some of the 
arguments raised by the State Defendants in opposition to the motion that go to the 
propriety of the motion." 
 First, as State Defendants correctly assert (Dkt. 428 at 6-7), the Court previously 
determined that, with respect to non-ESI material responsive to discovery requests issued 
before September 14, 2020, the State Defendants fulfilled their discovery obligations, 
having represented “that they ha[d] not,” as of then, “located any other responsive 
documents; ha[d] not ‘withheld any responsive materials on the basis of privilege or 

1 To the extent not discussed herein, the Court has considered all of Plaintiffs’ and 
Defendants’ arguments and found them to be either moot or without merit.

otherwise’”; and ha[d] “produced all documents in their possession, custody, or control 
that they deem responsive to Plaintiffs’ discovery requests.” (Sept. 16, 2020 Order at Dkt. 
316.2) Unless otherwise noted below, Plaintiffs’ motion is therefore denied with respect 
to any of State Defendants’ non-ESI production in response to Plaintiffs’ document 

requests prior to September 14, 2020, except insofar as the State Defendants have the 
obligation to update that discovery. 
 Second, the Court agrees with State Defendants that Plaintiffs have not satisfied 
their obligation to meet and confer with respect to the State Defendants’ productions 
during 2023 and early 2024, instead arguing that doing so would not be productive and 
asking the Court to allow the parties to meet and confer after the Plaintiffs’ motion to 
compel is fully briefed. (Dkt. 421 at 17.) Plaintiffs have not, however, provided a basis 
for the Court to conclude that meeting and conferring would have been futile. And, the 
procedure Plaintiffs propose reverses the order of events required by Fed. R. Civ. P. 
37(a)(1) as well as this Court’s Individual Practices No. II(D). Plaintiffs’ “failure to meet 

and confer in good faith with opposing counsel is ‘sufficient reason by itself to deny 
[Plaintiffs’] motion to compel.’” Azzarmi v. Key Food Stores Co-Operative Inc., 2021 WL 
1734922, at *3 (S.D.N.Y. May 3, 2021) (quoting Kaye v. New York City Health & Hospitals 
Corp., 2020 WL 7237901, at *10 (S.D.N.Y. Dec. 9, 2020)). Plaintiffs are correct that the 
Court granted Plaintiffs permission to file the instant motion; but the Court did not entirely 
excuse Plaintiffs form meeting and conferring to narrow or eliminate the issues. 

2 The Sept. 16, 2020 Order required follow-up confirmation by the State Defendants, 
which they provided on September 30, 2020. (See Declaration of Elisa Hyman filed 
March 5, 2024 at Dkt. 422, Ex. N.) 
Accordingly, the Court will consider the issues presented and grant relief only if the Court 
determines that the interests of justice so require. 
 Third, State Defendants argue that Plaintiffs’ motion is inexcusably untimely. They 
assert that Plaintiffs’ motion comes close to the end of fact discovery and six months after 

the deadline for substantial completion of documents, and that Plaintiffs did not even 
signal their intention to move to compel until December 2023. (Dkt. 428 at 24-25.) The 
Court agrees that Plaintiffs could have proceeded more expeditiously. But the Court does 
not find the delay so egregious, or any prejudice to State Defendants so great, as to justify 
denying the motion on that basis. 
 Fourth, the Court does not agree with State Defendants that Plaintiffs list of 
purported deficiencies are insufficiently specific. (See Dkt. 428 at 11-14.) Plaintiffs set 
forth their specific concerns request-by-request in the lengthy table at Exhibit O to the 
Hyman Declaration. (Dkt. 422-15.) Although the table does not quote the requests and 
responses verbatim, the summary presentation is sufficiently informative and 

manageable, particularly when read in conjunction with the requests and responses, all 
of which are attached as exhibits to the Hyman Declaration. As discussed below, 
however, specificity does not save Plaintiffs’ concerns from being speculative. 
 Fifth, State Defendants are correct that Plaintiffs do not affirmatively address 
relevancy and proportionality of each request. (Dkt. 428 at 16-17.) But it is not apparent 
whether State Defendants have withheld any documents on that basis. The absence of 
that information is due in part to Plaintiffs’ failure to meet and confer, and, in part, to State 
Defendants not having provided that information to begin with (for post-September 14, 
2020 requests). As stated above with respect to Plaintiffs’ failure to meet and confer, the 
Court will consider issues and grant relief where the Court determines that justice so 
requires. 
 The Court now turns to the specific issues raised by Plaintiffs. 
B. Compliance With Fed. R. Civ. P. 34 

 Plaintiffs raise several concerns about State Defendants’ compliance with particular 
aspects of Fed. R. Civ. P. 34. (See Dkt. 421 at 18-20.) 
 1. State Defendants represent that they have produced documents as they 
are kept in the usual course of business (notwithstanding Plaintiffs’ characterization of the 
productions). Accordingly, State Defendants are not required to cross-reference their 
production to particular document requests. Fed. R. Civ. P. 34(b)(2)(E)(i). If, however, 
Plaintiffs have questions about particular documents or types of documents that they 
either cannot locate within the State Defendants’ production (whether before or after 
September 16, 2020) or for which they cannot match attachments to parent documents, 
they may pose an appropriate request to State Defendants, and State Defendants shall 

reasonably cooperate in identifying for Plaintiffs where the material can be found within 
the production. 
 State Defendants apparently have not provided metadata for their ESI production. 
Plaintiffs assert that producing metadata is “industry-standard” but do not cite any 
agreement between the parties that they each would produce metadata (although 
Plaintiffs in fact did so). The absence of metadata impedes Plaintiffs’ ability to review, 
evaluate, and make use of State Defendants’ production. Plaintiffs’ production of 
metadata provides the State Defendants with an unfair advantage. Accordingly, State 
Defendants must produce the metadata for their ESI production or, by April 24, 2024, file 
an affidavit or declaration from someone with personal knowledge, providing specifics, as 
to why it would be unduly burdensome to do so. 
 2. To the extent they have not already done so, State Defendants shall, with 
respect to both pre- and post-September 16, 2020, document requests, (i) identify any 

document requests for which they do not have possession, custody, or control over any 
responsive documents, regardless of whether they have objected to the request; and (ii) 
describe what responsive documents, if any, they are withholding on the basis of any 
objection other than privilege or work-product protection, see Fed. R. Civ. P. 34(b)(2)(C). 
 3. State Defendants shall provide an affirmative representation to Plaintiffs 
when State Defendants’ document production is complete. 
C. Boilerplate Objections 
 Plaintiffs fault State Defendants for certain “boilerplate” objections and not having 
provided information about State Defendants’ process for searching for responsive 
documents. (Dkt. 421 at 21.) 

 1. Plaintiffs complain about State Defendants’ not having disclosed the 
methodology used to search for responsive documents. Although transparency of search 
methods is to be encouraged, State Defendants had no obligation to provide such 
information, and the Court finds no adequate factual basis to require State Defendants to 
do so in the instant circumstances. See Haroun v. ThoughtWorks, Inc., No. 20-CV-0100, 
2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (“Ordinarily and traditionally, counsel is 
not required to disclose the manner in which documents are collected, reviewed and 
produced in response to a discovery request”) (internal quotation marks and citation 
omitted); Brown v. Barnes and Noble, Inc., 474 F. Supp.3d 637, 644 (S.D.N.Y. 2019), 
(“nothing in Rule 26(g) obligates counsel to disclose the manner in which documents are 
collected, reviewed and produced in response to a discovery request.”) (internal quotation 
marks and citation omitted), aff’d 2020 WL 5037573 (S.D.N.Y. Aug. 26, 2020). The Court 
is not persuaded, as Plaintiffs contend, that State Defendants misrepresented the extent 

of their non-ESI production as of September 2020. Rather, as State Defendants point 
out, their later productions in large part consist of ESI material that was not the subject of 
earlier representations. (Dkt. 428 at 5.) 
 2. Given the nature, number, and breadth of the requests advanced by 
Plaintiffs, the Court finds no fault in State Defendants’ objection that they will not search 
for documents responsive to a particular request “beyond what they have agreed to 
search for in response to other Requests.” Moreover, Plaintiffs have not identified which 
specific requests are implicated. 
 3. The Court agrees with Plaintiffs, however, that State Defendants’ objection 
“on the grounds that [the Request] seeks outdated or irrelevant information or documents 

because of recently enacted legislation or forthcoming regulations concerning ABA 
licensure” is dubious. State Defendants’ objection is overruled. That said, State 
Defendants represent that they have produced responsive documents both pre- and post-
amendment. (Dkt. 428 at 21 and n.12.) The disputed objection is therefore moot. 
D. Specific Document Requests 
 1. Plaintiffs’ Exhibit O (Dkt. 422-15) sets forth the specific requests that are the 
subject of Plaintiffs’ motion. The table is 27 pages long. The first 16 pages concern 
requests pre-dating September 14, 2020. Accordingly, for the reasons stated above, the 
motion is denied with respect to those requests, except to the extent that the State 
Defendants must comply with their obligation to update discovery. 
 2. Most of Plaintiffs’ assertions about each of the post-September 14, 2020 
requests (i.e., requests served on December 21, 2020) are based “upon information and 

belief” that the State Defendants produced no, or not all, documents responsive to the 
particular request. Those assertions are speculative and contrast with the particular, non-
speculative assertions made by Plaintiffs in response to a handful of other requests. See, 
e.g., Ex. O Request 82 (“Further, it is clear from the State Defendants’ production that the 
records that they produced were not the totality of the hearing officer decisions concerning 
ABA during the relevant period”); Request 98 (“In fact, it is known to Plaintiffs that NYSED 
has issued clarification about use of such aides on ABA teams, which the State 
Defendants have not produced”); Request 150 (“While the State Defendants have 
produced documents reiterating that ABA is neither a related nor special education 
service, they have failed to produce any document concerning whether ABA may fit on 

the continuum or why ABA does not qualify as a special education or related service”). In 
most instances, Plaintiffs do not even articulate the basis for their information and belief. 
Such speculation is not a sound basis for a motion to compel. Trilegiant Corp. v. Sitel 
Corp., 275 F.R.D. 428, 436 (S.D.N.Y. July 1, 2011) (“Mere speculation as to the existence 
of additional documents is insufficient to warrant an order to compel”); accord Mirmina v. 
Genpact LLC, No. 3:16-CV-614, 2017 WL 3189027, at *2 (D. Conn. July 27, 2017) 
(collecting cases). 
 The motion is therefore denied with respect to all requests for which Plaintiffs 
invoke “information and belief” but without prejudice to renewal if, as a result of deposition 
testimony, Plaintiffs learn that the State Defendants are in possession, custody, or control 
of responsive documents that should have been produced. As to the handful of requests 
not based on information and belief or similar speculation, the parties shall meet and 
confer to resolve the issue.3 

 3. For several requests, Plaintiffs assert that the State Defendants’ not having 
cross-referenced their productions with the specific requests to which they are responsive 
has impeded Plaintiffs’ ability to determine if the State Defendants have met their 
discovery obligations. As set forth above, the Court has directed State Defendants to (i) 
cooperate with Plaintiffs in identifying particular documents or types of documents within 
the State Defendants’ productions; (ii) identify any documents that the State Defendants 
are withholding on the basis of an objection other than privilege or work product; and (iii) 
identify any requests for which the State Defendants do not have possession, custody, or 
control of responsive documents. Those obligations are sufficient to address the Plaintiffs’ 
impediment claims. 

E. Privilege Log 
 Plaintiffs request that the State Defendants provide a log of documents withheld 
on grounds other than attorney-client privilege or attorney-work product. (DKt. 421 at 20.) 
The State Defendants agree to provide such log. (Dkt. 428 at 24.) Accordingly, State 
Defendants shall do so. 

3 State Defendants identify several instances in which Plaintiffs’ assertions about 
documents not produced are simply incorrect. (Dkt. 428 at 15-16.) While that is not a 
basis to deny the motion in its entirety, it underscores the importance of meeting and 
conferring about items that appear to be missing but in fact have been produced. 
 To the extent not granted above, Plaintiffs’ motion to compel is denied. The Clerk 
of Court is respectfully directed to terminate the motion at Dkt. 420. 

 SO ORDERED. 

 ROBERT W. LEHRBURGER 
 UNITED STATES MAGISTRATE JUDGE 
Dated: April 17, 2024 
 New York, New York 
Copies transmitted this date to all counsel of record.